MICHAEL CURCIO *v.* CHARLES A. GOODWIN ET ALS.
NICKOLAS SERIGNESE *v.* CHARLES A. GOODWIN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued December 5, 1940—decided February 7, 1941.

*Julius B. Schatz,* with whom was *Arthur D. Weinstein,* for the appellant (plaintiff Curcio).

*Francis P. Pallotti,* with whom was *Joseph Fauliso,* for the appellant (plaintiff Serignese).

*Martin E. Gormley,* for the appellee (named defendant).

*Robert L. Halloran,* with whom was *Thomas J. Hagarty,* for the appellees (defendants The Franklin Oil Equipment Company et al.).

ELLS, J.  The plaintiffs were seated in a parked truck and were injured when a car driven by the defendant Goodwin ran into it from behind.  In the Serignese case Goodwin is the sole defendant, but Curcio sued Goodwin and also the owner and the driver of a car which was following the Goodwin car.  The cases were tried together, and the jury returned a verdict for the defendant in the Serignese case and for all of the defendants in the Curcio case.  Motions to set aside the verdicts were denied, and the plaintiffs appealed from the denial of these motions and from the judgments entered upon the verdicts, assigning error as to the finding and the charge.

The sole question presented by the appeals from the denial of the motions is whether the evidence properly justified the verdicts.  The jury might reasonably have found these facts:  Goodwin, driving a heavy Packard sedan equipped with proper lights and brakes, was proceeding northerly on the Saybrook-Middletown two lane cement highway.  It was very dark.  There was a car behind him, which he thought might attempt to pass him on a long straight stretch ahead; so when he entered it he pulled to his right so that he was on the right edge of the concrete, and was going along at a speed between forty and forty-five miles an hour when he had a feeling that there was something

ahead in the road. He did not see anything, but felt instinctively that there was something there. At first his lights, at high beam, disclosed nothing, then suddenly it appeared that trees on the right hand side of the road extended across it in front of him, and there seemed to be a barrier of trees, then, when about fifty feet away, his lights picked up what appeared to be a pile of trees with no shape or form to it, which seemed to extend across the road. He instantly jammed on his brakes and twisted his steering wheel over as far to the left as he could. There was a shock, an interval, and a heavier shock, and his car came to rest. Then there was another shock when the car behind struck his car and glanced off. He got out and saw that the object he had run into was a truck containing a load of evergreen trees sticking up in a fan-shape. There was a taillight burning high on the back of the cab, but it could not be seen from the rear, for it was hidden and covered by the upright trees.

The truck had been parked there for a considerable period of time, because of tire trouble. Numerous witnesses who passed by prior to the collision testified on behalf of the defendants, and the jury could reasonably have found therefrom that the truck blocked practically the entire northbound lane, that it was so loaded with evergreen trees that nothing but the wheels were visible, that no lights could be seen by one approaching from the rear, and that several cars narrowly avoided collision with it.

From the testimony of the occupants of the car owned by the defendant The Franklin Company and driven by the defendant Tosko the jury could reasonably have found that it had been following the Goodwin car for some time at a distance of about two hundred feet; that there was no intention and no attempt to pass it; that suddenly something black

loomed in front of the car ahead. The defendant Tosko did not know there was a truck there and could see no lights on the object, but she applied her brakes. She heard a crash, turned left to avoid the accident, and the Goodwin car, after hitting the truck, bounced into her car, forcing it onto the bank on the left side of the road.

The principal claim of the plaintiffs is that the defendant Goodwin was guilty of negligence as a matter of law because he did not apply his brakes the very instant he experienced a feeling of apprehension concerning something he could not then see. They claim that he had this feeling when four hundred and fifty feet away from what turned out to be the truck, that he then had abundant opportunity to make a condition of safety sure and was negligent in not doing so. *Sistare* v. *Connecticut Co.*, 101 Conn. 459, 463, 126 Atl. 688. From Mr. Goodwin's testimony the jury could reasonably conclude that he was about two hundred feet away when he had the feeling; that he was at least one hundred feet away when he saw trees down the road which he did not then distinguish from those on the side of the road; and that he was only about fifty feet away when he first saw that trees appeared to be on the highway. Under the rather extraordinary circumstances of the case, with the trees blending into the landscape, we cannot say that his conduct was negligent as a matter of law. It was for the jury to decide whether he was keeping a proper lookout, and proper control and speed, under all the circumstances, and their decision on these points was not unreasonable.

Nor can we hold as a matter of law that the plaintiffs were free from contributory negligence. The fact that they chose to sit in a truck so loaded with evergreen trees that it seemed to be a part of the land-

scape, with upright trees concealing all lights, and the truck blocking the northbound lane, are significant of the dangerous position they knowingly put themselves in. Even if we were to make the assumption, not justified by the evidence, that the jury could reasonably have found the defendant Tosko negligent, manifestly they could not reasonably have found that such negligence was a proximate cause of the collision between the car operated by the defendant Goodwin and the truck. There was no evidence that Tosko's car touched the Goodwin car before the Goodwin car struck the truck. There was evidence from which the jury could reasonably have found that the last clear chance doctrine had no application. The trial court was warranted in declining to disturb the verdicts.

The correctness of the law stated in the charge is not questioned. The assignment of error as to it is that the court so stated the evidence as to remove from the jury decision as to questions of fact. Nowhere did the court attempt to do otherwise than state the testimony of the witnesses and then leave the finding of facts to the jury, with the admonition that it was for them alone to evaluate the testimony. The plaintiffs seek certain changes in the claims of proof contained in the finding. The major claim concerns a finding that the defendant Goodwin offered evidence tending to prove that he was about two hundred feet away when he experienced a feeling of apprehension. They claim the testimony was that he was four hundred and fifty feet away. We have already disposed of this contention. None of the other corrections sought can be made.

The requests to charge to which the assignments of error relate were either adequately covered in the charge, were not material to the issues, or were un-

sound. The court's charge was correct and adequate, and left the issues to the jury for decision.

There is no error in either case.

In this opinion the other judges concurred.